Richard F. Kuhnen, J.
This is an article 78 proceeding brought by petitioner Richard Bradley to annul a fair-hearing decision rendered by respondent Abe Lavine, Commissioner of the Department of Social Services, on the ground that it was arbitrary, capricious and contrary to law.
In 1970 petitioner, his wife and their two children were recipients of medicaid pursuant to title 11 of the Social Services Law. The medicaid card issued to petitioner by the Broome County Department of Social Services indicated that his benefits thereunder would expire on October 31, 1970. Thirty-one days prior to that date, the department sent petitioner an application for continuation of his benefits past the October 31 expiration date. In accordance with the department’s instructions, petitioner completed and returned the new application form on October 16, 1970, but no response thereto was received from the department. On November 7, 1970 petitioner’s wife was hospitalized and underwent surgery, the total cost of which amounted to $1,275.
Upon admission of his wife to the hospital, petitioner presented his then expired medicaid card in order that payment for his wife’s medical care would be made by the Broome County Department of Social Services. Bills covering the total cost of Mrs. Bradley’s care and treatment were submitted to the department. They were rejected on the ground that the petitioner was ineligible for medicaid after October 31,. 1970 because as of that date his income exceeded the minimum monthly eligibility level by $41.
It was not until the early part of December, 1971 that petitioner Bradley first became aware of the department’s refusal to pay his wife’s medical bills. At that time it was too late to reapply for medicaid in connection with her hospitalization, the deadline being three months after the hospital services were rendered.
Petitioner then requested a fair hearing to contest the department’s determination that he was ineligible for medicaid benefits as of October 31, 1970. He further raised the issue of the department’s failure to notify him that his benefits were being terminated. At the hearing, which was held on November 6, 1972, the department was unable to produce any evidence that the petitioner had, in fact, been given any such notice. In the fair hearing questionnaire, which was sent to the commissioner to aid Him in his determination, the hearing officer reported:
*149 “ Appellant was never given notice that he was taken off medical assistance other than the limitation contained on the card.
“ If Social Services must notify the Appellant prior to discontinuing his medical assistance, it would seem he is entitled to assistance if on the other hand there isn’t any such obligation then it would appear that he isn’t entitled to medical assistance.” The commissioner apparently disregarded this questionnaire and instead affirmed the department’s decision denying petitioner assistance on the ground that he did not meet the eligibility requirements.
The department’s regulations provide that “ promptly upon the making of a decision, written notification of acceptance or denial shall be sent to each applicant for medical assistance.” (18 NYCRR 360.15.) This section also states that in case of a denial or discontinuance such notice shall include the specific reason for the decision. (18 NYCRR 360.15 [b], [c].) The regulations also provide that11 In cases of any proposed action to terminate, suspend or reduce * * * medical assistance authorization, timely and * * * advance notice thereof detailing the reasons for the proposed action shall be sent to the recipients. ” (18 NYCRR 358.8.) During this advance notice period recipient has the opportunity to demand a fair hearing to contest the propriety of the department’s action. (18 NYCRR 358.4, 358.8.)
The purpose of these regulations is to comply with the due process guidelines set down by the Supreme Court for the termination of public assistance. In Goldberg v. Kelly (397 U. S. 254) the court held that the due process clause of the Fourteenth Amendment requires that public assistance recipients be given both adequate notice and an evidentiary hearing prior to any termination of benefits.
There was a duty on the part of respondents to give notice to petitioner in advance of termination. The question now presented is whether the printed expiration dáte on petitioner’s medical assistance card constituted 11 adequate notice ” so as to fully comply with the department’s regulations and the demands of the due process clause.
This court is of the opinion that it did not. In soliciting petitioner’s reapplication for continued benefits, respondents ended the effectiveness of that notice. Had the petitioner not submitted a reapplication, then the medical assistance payments would properly cease on that date even in the absence of affirmative action by the department. However, the applica *150 tion form sent to the petitioner stated that his benefits would expire unless the form was properly completed and returned to the department. This statement would lead a recipient to justifiably conclude that the October 31 expiration date was no longer operative and that notice of the termination or continuance of his benefits would come in the form of a written response to his application in lieu of the printed date on his eligibility card.
More importantly, the printed date on the card did not give the petitioner an effective opportunity to contest the respondents ’ action prior to termination. It afforded him no indication of the determination made by the respondents on his reapplication and as a result he was left without protection against the medical calamity which eventually ensued. Had he been given “ adequate notice ” that he was no longer eligible for such benefits, he may have sought medical coverage from a private insurer or at least that possibility remained open. Having received no word from respondents, however, he was lulled into a false sense of security. Respondents could have easily avoided this situation by following the regulations of the department and the mandates of the Fourteenth Amendment.
The petition is granted.